UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM ELIAS JACOB CROSS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-17-CCB-AZ |
| LONG, et al., | |
| Defendants. | |

## OPINION AND ORDER

William Elias Jacob Cross, a prisoner without counsel, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Cross is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Cross is an inmate at Miami Correctional Facility ("MCF"). He claims that on the night of October 24, 2024, MCF Warden Brian English ordered the power to be shut off in his unit for reasons he does not explain. This left inmates in near total darkness.

While the electricity was off, the unit became flooded with sewage water, including Cross's cell. Cross claims he asked Lieutenant Long (first name unknown) to have the water cleaned up, but Lieutenant Long allegedly responded that it was "not his problem." He asked Officer Bowers and Sergeant Smith (first names unknown) for cleaning supplies or other assistance, but they allegedly refused. He claims Sergeant Powell (first name unknown) "stood and watched" while his staff pushed more water from the hallway into inmates' cells. He claims he was forced to live in a cell with "standing sewage" and no lighting for several days before the conditions were addressed. Based on these events, he sues the individuals referenced above, as well as Captain Lucky, Sergeant Washington, Major Bennett, and Officer Gillis (first names unknown) for money damages.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the deprivation is serious enough that it amounts to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate shelter and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). This includes the right "not to be forced to live surrounded by their own and others' excrement." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Inmates are also entitled to adequate lighting in their cells. *Gillis*, 468 F.3d at 493; *see also Hicks v. Lannoye*,

No. 20-CV-505, 2021 WL 2454050, at *3 (E.D. Wis. June 16, 2011) (Eighth Amendment prohibits housing inmate for a "significant amount of time in near total darkness").

On the subjective prong, the prisoner must allege the defendant acted with deliberate indifference to his health or safety. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Cross the inferences to which he is entitled, he satisfies the objective prong in connection with his claim that he was housed in a cell that had no lighting and was flooded with sewage for several days. *Hardeman*, 933 F.3d at 820; *Gillis*, 468 F.3d at 493. On the subjective prong, he claims that Lieutenant Long, Officer Bowers, Sergeant Smith, and Sergeant Powell were all personally aware of these conditions, but when he asked them for help they allegedly ignored him or refused. He has alleged enough to proceed further against these defendants under the Eighth Amendment. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

As for Captain Lucky, Sergeant Washington, Major Bennett, and Officer Gillis, he does not mention them by name in the narrative section of the complaint. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and these individuals can

3

only be held liable for their own actions, not for the "misdeeds" of other prison staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The court cannot plausibly infer from what he has alleged that any of these individuals personally exhibited deliberate indifference to the conditions in his cell. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (inmate who named nine defendants in his complaint but made no personal accusations against them did not state a claim against them under federal pleading standards). He makes a general assertion that "defendants" (collectively) were aware of the conditions, but this is insufficient to state a claim against these individuals. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). These defendants will be dismissed.

That leaves Warden English. There is no respondeat superior under 42 U.S.C. § 1983 and this high-ranking official cannot be held responsible solely because of his position. *Burks*, 555 F.3d at 595. However, Cross alleges that Warden English was the one who made the decision to shut off the electricity in his unit, leaving him in near total darkness for days. Although there is no indication Warden English was aware the unit had flooded with sewage, the lack of adequate lighting by itself is sufficient to support an Eighth Amendment claim. *Gillis*, 468 F.3d at 493. He will be permitted to proceed further against the Warden on this claim.

4

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Lieutenant Long, Officer Bowers, Sergeant Smith, and Sergeant Powell (first names unknown) for forcing him to remain in a cell that had no lighting and was flooded with sewage for several days beginning on or about October 24, 2024, in violation of the Eighth Amendment;

(2) **GRANTS** the plaintiff leave to proceed against Warden Brian English in his personal capacity for money damages for turning off the electricity in the plaintiff's unit on or about October 24, 2024, leaving him in near total darkness for several days in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Captain Lucky, Sergeant Washington, Major Bennett, and Officer Gillis as defendants;

(5) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Long, Officer Bowers, Sergeant Smith, and Sergeant Powell (first names unknown) and Warden Brian English at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) **ORDERS** the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) **ORDERS** Lieutenant Long, Officer Bowers, Sergeant Smith, and Sergeant Powell (first names unknown) and Warden Brian English to respond, as provided in the

Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 14, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT