UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM ELIAS JACOB CROSS,

Plaintiff,

v.

LONG, et al.,

Defendants.

CAUSE NO. 3:25-CV-17-AZ

<u>OPINION AND ORDER</u>

William Elias Jacob Cross, a prisoner without a lawyer, is proceeding in this case: (1) against Lieutenant Kipp Long, Officer Alan Brower, and Sergeant Tyler Powell "for forcing him to remain in a cell that had no lighting and was flooded with sewage for several days beginning on or about October 24, 2024, in violation of the Eighth Amendment;" and (2) "against Warden Brian English in his personal capacity for money damages for turning off the electricity in the plaintiff's unit on or about October 24, 2024, leaving him in near total darkness for several days in violation of the Eighth Amendment[.]" ECF 13 at 5. On January 5, 2026, the defendants filed a motion for summary judgment, arguing Cross did not exhaust his available administrative remedies before filing this lawsuit. ECF 41. With the motion, the defendants provided Cross the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 45.

Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves

the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago, but Cross has not filed any response. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

2

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide Cross' grievance records and an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), which show the following facts: During all relevant times, an Offender Grievance Process was in place at MCF and available to Cross. ECF 43-1 at 2, 5. The Offender Grievance Process required Cross to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2. On October 30, 2024, the grievance office received Grievance 200586 from Cross, in which he complained about numerous issues including toxic water, food quality, inmate-started fires in the cellhouse, smoke inhalation, flooding and lack of lighting in his cell, and injuries he sustained after falling in his cell. *Id.* at 5; ECF 43-3 at 3. The Grievance Specialist returned Grievance 200586 to Cross as "Unprocessed," explaining: "Your grievance contains multiple issues. Each issue must have its separate grievance form. Only one issue per grievance is allowed." ECF 43-1 at 6; ECF 43-3 at 1-2; ECF 43-2 at 9 (providing that each grievance must "relate to only one event or issue."). The "Return of Grievance" form instructed Cross he could correct the problem and return Grievance 200586 to the grievance office within five business days, but Cross did not do so. ECF 43-1 at 6-7; ECF 43-3 at 2. Therefore, the Grievance Specialist concludes Cross did not fully exhaust Grievance 200586 or any other grievance relevant to his claims in

this lawsuit. ECF 43-1 at 6-7. Because Cross did not respond to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .").

Here, the defendants have met their burden to show Cross did not exhaust his available administrative remedies before filing this lawsuit. Specifically, the undisputed facts show Cross submitted a relevant grievance which improperly listed numerous issues on the same grievance form. The Grievance Specialist returned this grievance to Cross with instructions for how to correct and resubmit the grievance, but Cross did not do so. It is therefore undisputed that Cross did not fully exhaust that grievance. Cross did not file any response in this case, and the record contains no evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable. Thus, because the defendants have met their burden to show Cross had available administrative remedies he did not exhaust before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 41); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against William Elias Jacob Cross and to close this case.

4

SO ORDERED on this 29th day of April 2026.

                         s/ *Abizer Zanzi*
                         MAGISTRATE JUDGE ABIZER ZANZI
                         UNITED STATES DISTRICT COURT